IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Alquetta Walker, | ) | C/A No.: 8:16-cv-03070-HMH-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| South Carolina Regional Housing | ) | |
| Development Corporation No. 1, *d/b/a* | ) | |
| South Carolina Regional Housing Authority | ) | |
| No. 1; Brian Griswell, *in his official capacity* | ) | |
| *as Executive Director of South Carolina* | ) | |
| *Regional Housing Development Corporation* | ) | |
| *No.*, | ) | |
| | ) | |
| Defendants. | | |

_____

This matter is before the Court on a motion for preliminary injunction. [Doc. 6.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff filed a motion for preliminary injunction on September 13, 2016.[1] [Doc. 6.] Defendants filed a response to Plaintiff's motion for preliminary injunction on December 5, 2016. [Doc. 20.] Plaintiff filed a reply on that same day. [Doc. 21.] Accordingly, Plaintiff's motion is ripe for review.

---

[1] Defendants were served and entered an appearance in this action on November 11, 2016. [Doc. 17.] On November 14, 2016, the Court directed Defendants to respond to Plaintiff's motion for preliminary injunction by December 5, 2016. [Doc. 18.]

**BACKGROUND**[2]

Plaintiff is a low-income disabled mother of four and a resident of Elmwood Circle Apartments, a federally-subsidized housing complex owned and operated by Defendants. [Doc. 6-1 at 1.]  By letter dated July 14, 2016, Defendant South Carolina Regional Housing Authority No. 1 ("SCRHA1") advised Plaintiff that her lease at Edgewood Circle Apartments was being terminated effective August 31, 2016, because Plaintiff had allowed an unauthorized person to live in her apartment and she had caused disturbances for other residents.  [*Id.*]  A grievance hearing was held on August 9, 2016.  [*Id.*]  By letter dated August 31, 2016, Plaintiff was informed that she was required to vacate her apartment by September 10, 2016.  [*Id.*]  Subsequently, Plaintiff filed this lawsuit alleging violations of the Fair Housing Amendments Act and the Fourteenth Amendment.  [Doc. 1.]  Plaintiff seeks a preliminary injunction requiring Defendants to refrain from taking further action to terminate her tenancy at Edgewood Circle Apartments during the pendency of this action.

**APPLICABLE LAW**

**Requirements for a Preliminary Injunction**

A preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to render a meaningful judgment on the merits."  *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003).  It is "an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 23 (2008) (citing *Munaf v. Green*, 553 U.S.

---

[2]This Background section is taken directly from Plaintiff's memorandum of law in support of her motion for preliminary injunction.  [Doc. 6-1 at 1.]

674, 689–90 (2008)). To obtain a preliminary injunction, a plaintiff must show four elements:

1) she is likely to succeed on the merits,

2) she will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors her, and

4) the injunction is in the public interest.

*Id.* at 20; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009) (explaining how the *Winter* standard for preliminary injunctions is different from the standard previously applied in the Fourth Circuit), *judgment vacated and remanded*, 130 S. Ct. 2371 (2010), *in light of Citizens United v. Fed. Election Comm'n*, 130 S. Ct. 876 (2010).

Under *Winter*, the Supreme Court requires "that the plaintiff make a clear showing that she will likely succeed on the merits at trial." *Real Truth About Obama*, 575 F.3d at 346 (citing *Winter*, 555 U.S. at 20). Moreover, the party seeking the injunction must make a clear showing that it will likely suffer irreparable harm without an injunction. *Id.* at 347 (citing *Winter*, 555 U.S. at 20). Further, the Supreme Court in *Winter* emphasized the public interest requirement, requiring courts to pay "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

## **DISCUSSION**

Defendants agree that they will not take any action based on the grounds set forth in the eviction action which was initiated against Plaintiff on July 14, 2016, during the

pendency of this action. [Doc. 20.] Accordingly, the Court finds that Plaintiff's motion for preliminary injunction should be granted, without prejudice to Defendants' rights to pursue additional eviction proceedings if new grounds arise subsequent to the filing of this action.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for preliminary injunction be GRANTED, without prejudice to Defendants' rights to pursue additional eviction proceedings if new grounds arise subsequent to the filing of this action.

IT IS SO RECOMMENDED.

                                          s/Jacquelyn D. Austin
                                          United States Magistrate Judge

December 8, 2016
Greenville, South Carolina